UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VANESSA BAEZ, JOAQUIN LUGO, and　　　　　　**AMENDED COMPLAINT**
CRISTINA MONTANEZ,

　　　　　　　　　　Plaintiffs,　　　　　　**JURY TRIAL DEMANDED**

-against-　　　　　　　　　　　　　　　　　**ECF CASE**

THE CITY OF NEW YORK, POLICE OFFICER　　　16-CV-06340
RYAN DOHERTY (Shield No. 20696), SERGEANT DEANE
POWELL (Shield No. 5244), POLICE OFFICER HERNAN
CONTRERAS (Shield No. 18917), POLICE OFFICER CHRIS
MAISCH (Shield No. 2142), POLICE OFFICER ROBERT
MOLLOY(Shield No. 24779), POLICE OFFICER DERICK
SINGH (Shield No. 27283), POLICE OFFICER JOHN
SULLIVAN (Shield No. 18088), (Individually and in their
Official Capacities)

　　　　　　　　　　Defendants.
-----------------------------------------------------------------X

　　　Plaintiffs, VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ, by their attorney, Dietrich P. Epperson, Esq., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

　　　1.　　Plaintiffs bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States, with pendant claims under the laws of the State of New York.

## JURISDICTION

　　　2.　　This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

　　　3.　　Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

　　　4.　　Consistent with the requirements of New York General Municipal Law § 50-e, VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ (hereinafter "State Law

Plaintiffs") filed timely Notice of Claims with the New York City Comptroller within 90 days of the accrual of their claims under New York law. State Law Plaintiffs' claims were not adjusted by the New York City Comptroller's Office within the period prescribed by statute.

5. This Court has supplemental jurisdiction over Plaintiffs' claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

## VENUE

6. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

7. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiffs VANESSA BAEZ and CRISTINA MONTANEZ are Hispanic females, and Plaintiff JOAQUIN LUGO is a Hispanic Male. All Plaintiffs were at all relevant times residents of the City and State of New York

9. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the application sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

11. At all times hereinafter mentioned, the individually named Defendants, Police Officer Ryan Doherty (Shield No. 20696), Sergeant Deane Powell (Shield No. 5244), Police Officer Hernan Contreras (Shield No. 18917), Police Officer Chris Maisch (Shield No. 2142), Police Officer Robert Molloy (Shield No. 24779), Police Officer Derick Singh (Shield No. 27283), and Police Officer John Sullivan (Shield No. 18088) were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. At all times hereinafter mentioned, the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs or usages and/or practices of the State or City of New York.

13. Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting within the scope of their employment by Defendant City of New York.

14. Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting in furtherance of their employment by Defendant City of New York.

## FACTS

15. On or about August 20th, 2016, at approximately 1 A.M., all three Plaintiffs were attending a private party inside of the Atlantis Hall at 91-42 Lefferts Boulevard, in the County of Queens, State of New York.

16. As all three Plaintiffs were inside said location, all seven above-named police officer Defendants entered the premises.

17. Defendant police officers told all three Plaintiffs that they were under arrest for selling alcohol to minors, and arrested the three Plaintiffs at the location.

18 Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ at no time sold alcohol to minors, further Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ did not act unlawfully in any way.

19. Plaintiff CRISTINA MONTANEZ and Plaintiff JOAQUIN LUGO are the parents of four children, who were present at the private party. These four children witnessed the arrest of Plaintiffs CRISTINA MONTANEZ and JOAQUIN LUGO.

20. Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ each and individually spent approximately **(18) hours in custody** before the Queens County District Attorney's Office declined to prosecute all three Plaintiffs. Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ were all released from the Queens Criminal Court central booking detention area without seeing a judge.

21. As a result of the foregoing, Plaintiffs sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

22. Plaintiffs repeat, reiterate and reallege each and every allegation contained in all preceding paragraphs the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under the color of law.

24. All of the aforementioned acts deprived Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules

of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

28. Plaintiffs repeat, reiterate and reallege each and every allegation contained in all preceding paragraphs with the same force and effect as if fully set forth herein.

29. As a result of Defendants' aforementioned conduct, Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

30. As a result of the foregoing, Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ liberty was restricted for an extended period of time, and Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in all preceding paragraphs with the same force and effect as if fully set forth herein.

32. Defendant Police Officers had an affirmative duty to intervene to protect the constitutional rights of Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ from being violated by other police officers in their presence.

33. Defendant Police Officers violated Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ constitutional rights in the presence of their police colleagues.

34. Defendant Police Officers had reason to know Plaintiffs' constitutional rights were being violated.

35. Defendant Police Officers had a realistic opportunity to intervene to prevent the harm from occurring to Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ but failed to do so.

36. Notwithstanding this opportunity, Defendant Police Officers failed to intervene to prevent the violation of the constitutional rights of Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ.

37. As a result of the foregoing, Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ sustained, *inter alia*, bodily injury, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in all preceding paragraphs with the same force and effect as if fully set forth herein.

39. The aforementioned individual Defendants issued legal process to place plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ under arrest.

40. The aforementioned individual Defendants arrested Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ in order to obtain a collateral objective outside the legitimate ends of the legal process.

41. The aforementioned individual Defendants acted with intent to do harm to plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ, without excuse or justification.

42. As a result of the foregoing, Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in all preceding paragraphs with the same force and effect as if fully set forth herein.

44. Defendants arrested and incarcerated Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety and constitutional rights.

45. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York, and the New York City Police Department, all under the supervision of ranking officers of said department.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the

constitutional violations suffered by plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ as alleged herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ as alleged herein.

50. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ were incarcerated unlawfully.

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ.

52. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the constitutional rights of Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ.

53. All of the foregoing acts by defendants deprived Plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from unwarranted and malicious criminal prosecution;

    D.    Not to have cruel and unusual punishment imposed upon him; and

    E.    To receive equal protection under the law.

## SIXTH CLAIM FOR RELIEF
## FALSE ARREST AND FALSE IMPRISONMENT
## UNDER THE LAWS OF THE STATE OF NEW YORK

54. State Law Plaintiffs repeat, reiterate and reallege each and every allegation contained in all preceding paragraphs with the same force and effect as if fully set forth herein.

55. By the actions described above, the individual Defendants caused to be falsely arrest or falsely arrested State Law Plaintiffs, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.

56. The acts and conduct of the individual Defendants were the direct and proximate cause of injury and damage to State Law Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. The conduct of the individual Defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City if liable to Plaintiffs pursuant to state common law doctrine of respondeat superior.

58. As a result of the foregoing State Law Plaintiffs were deprived of their liberty, sustained, *inter alia*, bodily injury, loss of liberty, emotional distress, embarrassment and humiliation.

## SEVENTH CLAIM FOR RELIEF
## ABUSE OF PROCESS
## UNDER THE LAWS OF THE STATE OF NEW YORK

59. State Law Plaintiffs repeat, reiterate and reallege each and every allegation contained in all preceding paragraphs with the same force and effect as if fully set forth herein.

60. By the conduct and actions described above, the individual Defendants employed regularly issued process and State Law Plaintiffs compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm Plaintiffs without economic

of social excuse or justification, and the individual defendants were seeking a collateral advantage or corresponding detriment to State Law Plaintiffs, which was outside the legitimate ends of the process.

61. The acts and conduct of the individual Defendants were the direct and proximate cause of injury and damage to State Law Plaintiffs and violated their statutory and common law rights and as guaranteed by the laws and Constitution of the State of New York.

62. The conduct of the individual Defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope fo their duties and functions as NYPD officers, and/or while they were acting as agents and employees of Defendant City, clothed with and/or invoking state power and/or authority, and, as a result, Defendant City if liable to plaintiffs pursuant to state common law doctrine of respondeat superior.

63. As a result of the foregoing State Law Plaintiffs were deprived of their liberty, sustained, *inter alia*, bodily injury, loss of liberty, emotional distress, embarrassment and humiliation.

**WHEREFORE**, plaintiffs VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA MONTANEZ each demand judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: Forest Hills, New York
April 21st, 2017

BY: _____

DIETRICH P. EPPERSON
dietrich@eppersonattorney.com
Attorney for Plaintiffs
118-21 Queens Blvd., Suite 416
Forest Hills, N.Y. 11375
(347) 561-0025

Index No. 16-CV-06340

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VANESSA BAEZ, JOAQUIN LUGO, and
CRISTINA MONTANEZ,

                              Plaintiffs,
-against-

THE CITY OF NEW YORK, POLICE OFFICER
RYAN DOHERTY  Shield No. 20696), SERGEANT DEANE
POWELL (Shield No. 5244), POLICE OFFICER HERNAN
CONTRERAS (Shield No. 18917), POLICE OFFICER CHRIS
MAISCH (Shield No. 2142), POLICE OFFICER ROBERT
MOLLOY(Shield No. 24779), POLICE OFFICER DERICK
SINGH (Shield No. 27283), POLICE OFFICER JOHN
SULLIVAN (Shield No. 18088), (Individually and in their
Official Capacities)

                              Defendants.

AMENDED COMPLAINT

DIETRICH P. EPPERSON
Attorney for Plaintiffs
118-21 Queens Blvd., Suite 416
Forest Hills, N.Y. 11375
(347) 561-0025