UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
VANESSA BAEZ, JOAQUIN LUGO, and CRISTINA
MONTANEZ,

                        Plaintiffs,

   -against-

CITY OF NEW YORK, POLICE OFFICER RYAN
DOHERTY, Shield No. 20696, SERGEANT DEANE
POWELL, Shield No. 5244, POLICE OFFICER
HERNAN CONTRERAS, Shield No. 18917, POLICE
OFFICER ROBERT MOLLOY, Shield No. 24779,
POLICE OFFICER DERICK SINGH, Shield No.
27283, POLICE OFFICER JOHN SULLIVAN, Shield
No. 18088, Individually and in Their Official Capacities,

                        Defendants.
----------------------------------------------------------------- x

MEMORANDUM & ORDER

16-cv-6340 (ENV) (VMS)

VITALIANO, D.J.,

      At the center of the storm is a failure of diligence on the part of plaintiffs' counsel, who represents a contemptuous client, which prompted defendants' motion for sanctions, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, and, alternatively, to dismiss for failure to prosecute, pursuant to Rule 41(b). Defs.' Mot. to Dismiss (ECF No. 25). Litigation commenced in November 2016, when plaintiffs Vanessa Baez, Joaquin Lugo, and Cristina Montanez filed a complaint against the City of New York, Police Officer Ryan Doherty, and ten "John Doe" police officers, as authorized by 42 U.S.C. § 1983. Compl. (ECF No. 1).

      The claimed violations of constitutional rights are said to result from plaintiffs' arrest for selling alcohol to minors and their ensuing 18 hours in custody prior to release without prosecution. *Id.* ¶ 17. Pertinent on the motion is the fact that, after an unascribed eight-month delay in the proceedings, plaintiff Baez failed to appear for a noticed deposition. She then disobeyed a follow up court order to appear for a rescheduled deposition. For the reasons set

1

forth below, defendants' motion is granted to the extent that monetary sanctions shall be imposed in equal shares against Baez and Dietrich Epperson, her counsel, but her claims shall not be dismissed.

Background

The motion presents a discovery dispute. For the most part, the substantive facts and issues raised in the lawsuit are not relevant to it. The litigation history is that plaintiffs commenced this action on November 15, 2016. Compl. Over a year later, on December 19, 2017, all counsel conferred by phone and agreed to conduct depositions during the week of January 22, 2018. Decl. of Hannah V. Faddis ¶ 9 (ECF No. 25-2) ("Faddis Decl."). On December 20, 2017, defense counsel mailed notices of deposition to plaintiffs' counsel, *id.* ¶ 11, but plaintiffs' counsel avers that he never received them, due to a change of address, Decl. of Dietrich P. Epperson ¶ 2 (ECF No. 26-1) ("Epperson Decl.").

At any rate, defense counsel followed up by email. Faddis Decl. ¶ 12. Nevertheless, on January 22, 2018, plaintiffs' counsel gave notice that Baez was refusing to appear for deposition during the week of January 22, citing concerns about her job, *id.* ¶ 14. Baez's refusal to appear prompted a motion to compel Baez's appearance, Mot. (ECF No. 22), and the issuance by Magistrate Judge Scanlon of an order requiring her to appear for a deposition during the week of February 12, 2018, setting discovery to close on February 16, 2018, and indicating that no further extensions of time would be granted. It was during this time period that Baez chose not to communicate with her lawyer, Epperson Decl. ¶ 6, and failed to appear for her deposition, *id.* ¶ 7. On February 21, 2018, after discovery had been ordered closed by Judge Scanlon, Baez resumed communication with her counsel and advised that she was now willing to appear for a

deposition during the week of February 26. *Id.* Plaintiffs' counsel having not sought an order reopening discovery, defense counsel refused to schedule her deposition. *Id.*; Defs.' Reply at 4 (ECF No. 27). On March 2, 2018, defendants moved for sanctions and to dismiss for lack of prosecution.

## Discussion

I. <u>Sanctions Under Rule 37(b)</u>

To enforce the discovery rules, Rule 37(b) empowers district courts to impose sanctions for "fail[ure] to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A), including "dismissing the action or proceeding in whole or in part," Fed. R. Civ. P. 37(b)(2)(A)(v). The district court "has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2)(A), and will only be reversed if its decision constitutes an abuse of discretion." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991) (citations omitted). The Second Circuit has set forth four factors for district courts to consider in determining whether to impose dismissal as a sanction: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party has been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (alteration in original) (citation omitted).

a. <u>Reason for Noncompliance</u>

Making the dog ate my homework excuse blush, Baez's attorney alibied for his client's nonappearance that he did not receive the notice of deposition sent on December 20, 2017 because he had recently changed offices and the notice was thus sent to the wrong address.

3

Epperson Decl. ¶ 2. But, even if Baez's attorney never received the physical notices, the docket memorializes for all to see that he conferred by phone with defense counsel prior to the notice's mailing and agreed to complete depositions during the week of January 22, 2018. Mot. for Extension at 1 (ECF No. 22). Defense counsel was, of course, entitled to assume that this assent by Baez's counsel was upon notice and confirmation by his client of her availability. However, even if such communication did not occur, "[t]he 'acts and omissions of counsel are normally wholly attributable to the client' and sanctions may be imposed against a party for her counsel's misconduct." *Perez v. Siragusa*, No. 05-cv-4873 (CPS), 2008 WL 2704402, at *4 (E.D.N.Y. July 3, 2008) (quoting *Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, No. 00 Civ. 3613 (LAP), 2004 WL 1943099, at *25 (S.D.N.Y. Aug. 27, 2004)). Therefore, to the extent that Baez was aware of the pending deposition schedule or her attorney failed to inform her of that schedule, sanctions may be imposed.

Unilaterally, after her counsel had received unequivocal notice of the scheduling of her deposition, Baez decided not to seek judicial relief and, instead, announced that she would not appear for her January deposition because "she had just started a new job [and] would lose her job if she missed work for the deposition." Epperson Decl. ¶ 6. The Court is sympathetic to this predicament, but the advance notice documented in defendants' letter of January 30, 2018 suggests that Baez could have worked around her scheduling concerns. Regardless, even if Baez's failure to appear in January was found excusable, her repeat performance failure to appear during the week of February 12, 2018, pursuant to a court order, is not.

Refining the focus, with Baez's exasperating New Year's noncompliance, Magistrate Judge Scanlon issued a rescheduling order, on January 31, 2018, directing Baez to appear for a deposition during the week of February 12, 2018, so that discovery could close, as she had

directed, by February 16, 2018. Baez once again failed to appear. Seeking to lower the bar for what might pass for a legitimate excuse, Baez's counsel offers that "perhaps" Baez failed to comply with Judge Scalon's order to "demonstrate her displeasure at the short notice [of the January deposition]." *Id.* ¶ 6. Obviously, mere "displeasure" with the Court or her counsel is more than an insufficient excuse for ignoring an explicit court order. Such conduct is contemptuous. Therefore, the willfulness of Baez's noncompliance counsels in favor of dismissal.

    b. Lesser Sanction

The next factor to consider is the efficacy of a lesser sanction. Certainly, Baez could be ordered, once more, to appear for a deposition. Some cause for optimism about the efficacy of such an order is provided by Baez's resumption of communication with her lawyer. In fact, at one point, she expressed willingness to appear during the week of February 21, 2018. That concession was, however, at odds with Magistrate Judge Scanlon's order of January 31, 2018, which expressly warned that "[n]o further extensions of time will be given." With that order unrelieved, notwithstanding Baez's supposed amenability to deposition, the deposition did not take place. The question is should rescheduling of the deposition now be the response to her contemptuous conduct.

The lesson is obvious: a mere rescheduling and the adoption of a new discovery schedule would undermine judicial control of the discovery process. Therefore, the Court must impose a more severe sanction than a simple repeat of its January 31, 2018 order. Moreover, the Rules mandate the issuance of an order requiring "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" given that Baez's failure to appear for deposition as ordered by the Court was not "substantially

5

justified." Fed. R. Civ. P. 37 (b)(2)(C). Other "lesser" sanctions would be hard to devise. For example, neither party has proposed specific facts that could be designated as established or claims that could be precluded, *see* Fed. R. Civ. P. 37(b)(2)(i)-(ii). Additionally, not that plaintiff responded to it, defendants' argument takes the position that "[a]ny order of preclusion, or designation of facts as established . . . would necessarily implicate Baez's claims in their entirety, which would be tantamount to dismissing her claims" altogether. Def. Br. at 6 (ECF No. 25-1).

Therefore, practically speaking, the only viable "lesser sanction" is another order to appear for a deposition, but coupled with an award of costs, including attorney's fees incurred by defendants in connection with the previous attempts to schedule Baez's deposition and the costs of making this motion to secure compliance. Any documentation supporting the assessment of these costs must attach related time records and any invoices to prove the costs claimed. Beyond that, as part of this sanctions order, Baez and her counsel are explicitly and sternly warned that failure to comply with this discovery order setting a period within which she must sit for deposition will result in the dismissal of all of her claims in this action.

c. <u>Duration of Noncompliance</u>

Baez was on notice that her deposition was to be taken during the week of January 22, 2018. Rather than seek relief from the agreement, she simply breached it. That caused defendants the expense of seeking a rescheduling order from Judge Scanlon. The order directed Baez to appear for deposition the week of February 12, 2018. She refused. Then Baez deigned to resurface on February 21, 2018. Using these time markers, the period of practical delay is approximately one month (mid-January to mid-February 2018). However, for purposes of a Rule 37(b) motion, in calculating the period of delay, the relevant delay is only that from

February 16, 2018 – the last date on which Baez could appear for a deposition in compliance with the operative order – and February 21, 2018 – the date on which Baez expressed willingness to appear – because sanctions are only available for failures to obey court orders, *see* Fed. R. Civ. P. 37(b)(2)(A); 8B Federal Practice & Procedure § 2289. This delay of less than one week is not particularly severe. If the Court were to turn a blind eye to the overall context of her contemptuous dealing with the Court and her counsel, this would weigh against dismissal or preclusion had such a claim for preclusion been perfected.

### d. Notice

The final factor inquires whether Baez was on notice that her lawsuit might be dismissed on account of her noncompliance. Significantly, no order on the docket warned her of the possibility of dismissal. In assessing her culpability, however, notice is taken that defendants had previously moved for dismissal "pursuant to Rule 41(b) for failure to prosecute, and failure to comply with the Court's September 14th Order." Mot. for Extension (ECF No. 21). Moreover, Baez is and was represented by counsel, who presumably complied with his obligation to communicate that order to her. Arguably, these facts provide constructive notice but do not, in and of themselves, establish actual notice. Such constructive notice would seem insufficient to support dismissal. The Second Circuit has held that a warning from the court that dismissal is a possible sanction is required when a litigant proceeds *pro se*. *Agiwal*, 555 F.3d at 302 (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)). It is not a far stretch to conclude, especially where the litigant is untrained in the law, that its reasoning should apply with respect to represented parties as well. Indeed, courts in this district have chosen to provide explicit notice to represented parties prior to dismissing an action, particularly when no sanction was previously imposed. *See, e.g., White v. City of New York*, No. 08-cv-2238 (KAM)

(MDG), 2009 WL 3233121, at *2 (E.D.N.Y. Oct. 2, 2009). This factor, too, weighs against dismissal as a sanction.

As a consequence, considering the totality of the circumstances, the Court concludes that sanctions are warranted but that the draconian sanction of dismissal is not. A righting of the discovery ship is the main objective of this sanctions order. To do that, it must, first, order that Baez appear for a deposition to be completed before June 28, 2019. She is expressly warned that, if she fails to appear and complete her deposition as directed by this Order, her claims will be dismissed. Second, Baez and her counsel are ordered to pay all costs associated with Baez's failure to appear for a deposition during the period from January 22 to February 16, 2018 and of the making of this motion, including attorney's fees. In furtherance of this sanctions order, plaintiffs' counsel is directed to explain her obligations under this order to Baez, who will be expected to maintain active communication with her lawyer.

II. Dismissal Under Rule 41(b)

Under Rule 41(b), courts have power "to dismiss a complaint for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). "Courts have repeatedly found that '[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives.'" *Robinson v. Sposato*, No. 13-cv-3334 (JFB) (WDW), 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (alteration in original) (quoting *Yulle v. Barkley*, No. 9:05-cv-0802 (LEK/DEP), 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007)). In evaluating a motion to dismiss for failure to prosecute, a district court must consider "1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result"; 4) the balance of the court's

"interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard;" and 5) "the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). It is also well-settled that no one factor is dispositive. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

The considerations relevant to the Rule 37(b) motion are similar to those relevant to the Rule 41(b) motion. The only additional factors for purposes of Rule 41(b) are prejudice to the defendant and the court's interest in managing its docket. Defendants have not explained what prejudice would result from allowing plaintiff one last chance to appear for a deposition. Moreover, because dismissing Baez's claims would not terminate this case or substantially lessen its burden on the Court, given that the other plaintiffs' claims are identical to Baez's, judicial economy does not require dismissal. Therefore, because the Court has declined to dismiss this action, pursuant to Rule 37(b)(2)(A)(v), it declines to do so, pursuant to Rule 41(b), as well.

## Conclusion

In line with the foregoing, defendant's motion for sanctions is granted to the extent that Baez is ordered to appear for and complete her deposition before June 28, 2019. She is expressly warned that failure to comply with this order to appear for deposition will result in the dismissal of her lawsuit. She and her counsel are also directed to pay as sanctions all costs incurred by defendants in relation to her failure to appear for deposition in the period from January 22 to February 16, 2018 and of the making of this sanctions motion, including defendants' attorney's fees. The total costs shall be paid to defendants in equal shares by Baez and Epperson, although enforcement of this monetary sanction is stayed until the conclusion of the case. Defendants are

directed to submit their demand for costs, including any associated time records and/or invoices, for assessment by Magistrate Judge Scanlon. Defendants' motion seeking dismissal for failure to prosecute is denied.

So Ordered.

Dated: Brooklyn, New York
May 18, 2019

/s/ Hon. Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge